# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | § | |
| LINNEA ROSE | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:05 CV 216 |
| | § | |
| v. | § | |
| | § | |
| EAST TEXAS MEDICAL CENTER | § | |
| REGIONAL HEALTHCARE SYSTEM and | § | |
| EAST TEXAS MEDICAL CENTER | § | |
| ATHENS | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Relator's Motion for Reconsideration of the Court's Order Taxing

Costs of Court Against the Plaintiffs.  (D.I. # 144)  After reviewing the Motion and applicable

law, the court GRANTS the relator's Motion.

On August 25, 2008, the court granted summary judgment in favor of the defendants in

this *qui tam* action.  (D.I. # 142) The court declined to answer the question as to whether

ETMCA was properly participating in the Medicaid UPL program.  Instead, the court disposed of

the case by finding that under the circumstances of the case, and in light of the unclear law and

advice of counsel, there was insufficient evidence that ETMC acted with the necessary scienter

under the False Claims Act ("FCA").

"[C]osts, other than attorneys' fees shall be allowed as a course to the prevailing party

unless the district court otherwise directs..."  Fed. R. Civ. P. 54(d)(1).  An award of costs is

within the district court's discretion.  *See Kinear-Weed Corp. v. Humble Oil and Refining Co.*,

441 F.2d 631, 637.  "Rule 54(d)(1) contains a strong presumption that the prevailing party will be

awarded costs." *Pacheco v. Mineta,* 448 F.3d 783, 793 (5ᵗʰ Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5ᵗʰ Cir. 1985). "As a result of the cost-shifting presumption, the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.'" *Id.*

The Fifth Circuit has recognized "a wide range of reasons . . . to justify withholding costs from the prevailing party." *Pacheco,* 448 F.3d at 794. "Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* This is not an exhaustive list, and none of the factors alone are dispositive. *Id.* Additionally, courts "also deny costs if 'the losing party prosecuted the action in good faith.'" *Id.* Good faith alone will not justify withholding costs from the prevailing party. *Id.* It must be accompanied by additional justification. *Id.* All but the second factor, including good faith prosecution, are relevant in this action–there was no misconduct in this case.

The first and fifth factors recognized by the Fifth Circuit weigh in favor of denying costs. The relator is a private concerned citizen who works as a health care consultant in Henderson County, Texas. She has indicated to the court that she is of limited financial means. While not a staggering number to the defendants, over $9,000 in court costs will have a significant impact on the relator's finances. ETMC, on the other hand, is a multi-million dollar conglomerate with numerous hospitals throughout East Texas. The parties' disparate financial resources make these factors weigh in favor of not taxing costs against the relator.

The third factor, close and difficult legal questions, also weigh in favor of denying costs.

The central question before the court was whether the defendants were knowingly violating

Medicaid statutes and regulations. This was a hard fought case between the parties, and the court

ultimately declined to answer that question. Instead, the court found that because the questions

of law were so close, the scienter requirement under the FCA was not met. There were

conflicting interpretations of the law, and the court found that neither parties' interpretation was

unreasonable. There is no evidence contradicting that all of the relator's actions were in good

faith and in support of doing what she thought was right when she discovered the facts that made

the basis of her claims. While good faith alone is not enough, the closeness of the law makes the

equities favor not taxing costs against her.

There was also a substantial benefit conferred to the public because of the suit. The suit

brought to light some of ETMCA's practices that warranted further scrutiny by the State and its

agencies. ETMCA's participation in the program has been suspended. Regardless of whether

that suspension ultimately saves taxpayers any money, as the parties debate in their briefing,

there is still a benefit. ETMCA points out that the same amount of money is being distributed in

the UPL program; the money is just distributed to other participating hospitals. This in itself is a

benefit. The hospitals that are clearly in line with the goals of the UPL program are receiving

that money as intended. And while the action failed under the FCA because of a lack of scienter,

the question of who may actually participate is an issue that is now primed for the proper

authorities to provide the needed clarification and guidance. These benefits cause this factor to

weigh against taxing costs against the relator.

Another factor that has not been discussed by the Fifth Circuit, but by other courts, is the

effect that taxing costs against the relator will have on other parties bringing FCA claims in the

future. *See U.S. ex rel. Pickens v. G.I.R. Constructors, Inc.,* 196 F.R.D. 69 (S.D. Ohio 2000). While the facts of *Pickens* differ from the case before the court, the underlying premise is the same. "[T]here would be a significant 'chilling effect' on future relators if this Relator is assessed [a large amount] in costs as asserted by Defendant because they may be persuaded from bringing complex and expensive FCA actions, especially if future relators face the risk of paying substantial litigation costs to a prevailing defendant." *Id.* Here, the good faith of the relator in bringing this action persuades the court that this factor is relevant and weighs against taxing costs to the relator.

Having considered all of the factors relevant to this case, the court finds that there is good reason to not tax all court costs against the relator. The court, therefore, GRANTS the relator's Motion. Each party will bear its own costs.

SIGNED this 28th day of October, 2008.


_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE